UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOCIETE POUR L'OEUVRE ET LA MEMOIRE D'ANTOINE DE SAINT EXUPERY – SUCCESSION DE SAINT EXUPERY-D'AGAY, | No. 25 C 579 |
| Plaintiff, | Judge Thomas M. Durkin |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this suit alleging infringement of *The Little Prince* trademarks by WHODOIT ("Defendant") and several other defendants. Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). R. 75. For the following reasons, that motion is denied.

**Background**

*The Little Prince* is a novella written by French author Antoine de Saint-Exupéry. R. 15 ¶ 7. Published in 1943 and translated into 505 languages, *The Little Prince* is one of the best-selling novels in history and has been the subject of film, television, radio, opera, ballet, and live stage adaptations. *Id.* Plaintiff manages the licensing, sale, and marketing of *The Little Prince*-branded products, and owns several related trademarks. *Id.* ¶¶ 6, 8. Relevant here and depicted below, Trademark

1

Reg. No. 5,706,587 consists of "The Little Prince" in a stylized form. R. 15-1 at pp. 3–6 ("Mark").

*The Little Prince*

It covers "jewellery" [sic], "horological and chronometric instruments," "cases being parts of watches," "cases adapted for holding watches for presentation," and "cases adapted for holding watches." *Id.*

Defendant sold a pocket watch bearing the image of a small boy in a scarf standing on top of the moon, through an Amazon listing, which notes under "About this item": "The decorative patterns of *the little prince* can also attract people's attention." *See* R. 78-2.[1] The listing is shown in relevant part below.



---

[1] The screenshot of Defendant's listing was not attached to the complaint. Although it is well established that a "complaint may not be amended by the briefs in opposition to a motion to dismiss," *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), the Court may consider "information that is subject to proper judicial notice" along with additional facts set forth in a brief opposing dismissal "so long as those facts are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). The Court finds it appropriate to consider the screenshot of the listing on that basis.

Plaintiff brought this suit alleging trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114 (Count I), false designation of origin in violation of 15 U.S.C. § 1125(a) (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 Ill. Comp. Stat. 510/1 *et seq.* (Count III) in connection with the defendants' alleged use of the Mark and other related trademarks. *See generally* R. 1, 15. The Court permitted electronic service, and Plaintiff served Defendant on April 17, 2025. R. 45. Defendant did not appear, and Plaintiff moved for entry of default and default judgment, which the Court granted on June 3, 2025. R. 51, 52, 57, 58. One month later, counsel for Defendant appeared and shortly thereafter moved to vacate the default judgment, which the Court granted. R. 62, 63, 64, 74. Defendant now moves to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim.

## Discussion

I.   Personal Jurisdiction

Defendant briefly claims that the Court lacks personal jurisdiction under Rule 12(b)(2). More specifically, Defendant's motion describes the operative standard for personal jurisdiction but makes no argument about why there is a lack of personal jurisdiction here. R. 75 at 2. Then, in reply, Defendant asserts that Plaintiff ignores its jurisdictional arguments, raising for the first time its lack of physical presence in the U.S., its shipment throughout the U.S., and Plaintiff's purported reliance on a "vague allegation of sales to U.S. consumers, including Illinois." R. 79 at 2. Defendant ignores the evidence that it knowingly sold a product though the allegedly infringing listing to a customer with an Illinois shipping address on December 13, 2024, offering

3

no argument as to why this sale is insufficient to establish minimum contacts. R. 78-4; *see generally NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624–27 (7th Cir. 2022) (affirming denial of China-based retailer's motion to dismiss for lack of personal jurisdiction based on sale to customer in Illinois). Therefore, the motion to dismiss for lack of personal jurisdiction is denied.

  II.  Service of Process

Defendant also makes passing reference to Rule 12(b)(5) and service of process. Defendant acknowledges that the Court authorized email service, but contends that it received no "effective" notice until June 2025 when its account was frozen. R. 75 at 2. Yet Defendant was served with the complaint on April 17, 2025. R. 45. Indeed, Defendant's corporate representative previously attested that it was a staff change that caused its failure to respond to the pleading. R. 65. Defendant offers no further argument as to why service was defective. Therefore, the motion to dismiss for insufficient service of process is denied.

  III.  Failure to State a Claim

Defendant lastly seeks dismissal pursuant to Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

4

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

Here, Plaintiff asserts that Defendant engaged in trademark infringement and counterfeiting, false designation of origin, and violation of the IUDTPA. Defendant argues that dismissal is warranted because (1) Plaintiff does not adequately plead a likelihood of confusion, and (2) Defendant's conduct constitutes fair use.

### A. Likelihood of Confusion

To prevail on any of the asserted claims, Plaintiff must establish that (1) the Mark is protectable, and (2) that Defendant's use is likely to cause confusion among consumers. *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 (7th Cir. 2019); *Mercis, B.V. v. Schedule A*, No. 24 C 5853, 2025 WL 540509, at *4–5 (N.D. Ill. Feb. 19, 2025) (citing cases). Defendant does not dispute that the Mark is protectable. Instead, Defendant argues, albeit briefly, that Plaintiff has not plausibly alleged a likelihood

5

of confusion. To determine whether there is a likelihood of confusion, courts ask whether a consumer who uses the parties' products would be likely to attribute them to a single source. *Uncommon*, 926 F.3d at 425 (citation omitted). The Seventh Circuit uses seven factors to conduct this assessment: "(1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any evidence of actual confusion; and (7) the intent of the defendant to 'palm off' his product as that of another." *Id.*; *see, e.g.*, *Mercis*, 2025 WL 540509 (applying seven-factor test at the motion to dismiss stage). No one factor is dispositive, but generally, the marks' similarity, the defendant's intent, and actual confusion are the most important. *Uncommon*, 926 F.3d at 425 (citation and internal quotation marks omitted).

Defendant's argument is limited to the first factor, emphasizing the visual difference between the font used in the stylized Mark and the italicized "default" font used in the Amazon listing. *See* R. 75 at pp. 4–5. But "[t]he test is not whether the public would confuse the *marks,* but whether the viewer of an accused mark would be likely to associate the product or service with which it is connected with the source of products or services with which an earlier mark is connected." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015) (quoting *AutoZone, Inc. v. Strick,* 543 F.3d 923, 929 (7th Cir. 2008)) (emphasis in original). Here, Defendant not only describes the product as featuring "the decorative patterns of the little prince" but distinguishes "the little prince" from the surrounding text by placing it in italics. R. 78-2. Drawing

6

all reasonable inferences in Plaintiff's favor, it is plausible that a consumer seeing this use of "*the little prince*" in the product description would be likely to associate the pocket watch with Plaintiff. *See Mercis*, 2025 WL 540509, at *6 (finding first factor weighed in favor of plaintiff despite some visual differences between the mark and the imagery on defendants' products). Therefore, the motion to dismiss the complaint based on a lack of substantial similarity between the marks is denied.

B.  Fair Use

Defendant's primary argument is that its use of "*the little prince*" constitutes fair use. Defendant invokes two fair use doctrines: descriptive and nominative. Descriptive fair use "allows individuals to use otherwise trademarked language in a descriptive sense." *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). To prevail on the descriptive fair use defense, Defendant must show that: (1) it did not use "*the little prince*" as a trademark; (2) the phrase is descriptive of its goods; and (3) it used the phrase fairly and in good faith. *Id.* (citations omitted). The Seventh Circuit has not yet addressed the doctrine of nominative fair use. The Ninth Circuit, however, has explained that nominative fair use occurs when the alleged infringer uses the mark to "describe the trademark holder's product, even if the alleged infringer's ultimate goal is to describe his own product." *Slep-Tone Ent. Corp. v. Coyne*, 41 F. Supp. 3d 707, 717 (N.D. Ill. 2014) (quoting *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 328 F.3d 1061, 1071–72 (9th Cir. 2003)). To establish nominative fair use, Defendant must show: (1) the pocket watch is not readily identifiable without use of the Mark; (2) it has used the Mark only as reasonably

necessary to identify the pocket watch; and (3) it did nothing that would suggest sponsorship by Plaintiff. *Id.* at 718.

Fair use is an affirmative defense that generally involves fact-intensive determinations that are ill-suited for a motion to dismiss. *See SportFuel*, 932 F.3d at 595; *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d, 687, 690 (7th Cir. 2012) (fair use defense "typically turn[s] on facts not before the court at [the motion to dismiss] stage"); *Sunmark Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1058 (7th Cir. 1995) (whether a word is used as a description or as a mark is a factual question). Relatedly, dismissing a claim based on an affirmative defense "is appropriate only when the factual allegations in the complaint unambiguously establish all the elements of the defense." *S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 666 (7th Cir. 2016). In this case, because Plaintiff has not pleaded itself out of court by alleging facts that conclusively establish the elements of fair use under either doctrine, dismissal of the complaint based on this defense is inappropriate at this stage. *See KTM AG v. Schedule A,* No. 24-CV-03278, 2025 WL 965130, at *2 (N.D. Ill. Mar. 31, 2025) (denying motion to dismiss based on descriptive and nominative fair use defenses); *see also Trademark Rightsholder Identified in Exhibit 1 v. Schedule A,* No. 23 C 16216, 2024 WL 4382195, at *2 (N.D. Ill. Oct. 2, 2024) (citing cases). Accordingly, the Court denies the motion to dismiss on this basis.

## Conclusion

For the foregoing reasons, the Court denies the motion to dismiss.

8

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 3, 2025